UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ROGER A. DALEY,

    Plaintiff,

v.                                        CASE NO. 3:20-cv-156-J-20JBT

FLORIDA BLUE,

    Defendant.
_____/

## REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the Court on pro se Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, which the Court construes as a Motion to Proceed *In Forma Pauperis* ("Motion") (Doc. 2). For the reasons stated herein, the undersigned respectfully **RECOMMENDS** that the Motion be **DENIED** and the case be **DISMISSED without prejudice**.[2]

### I.  Background

Plaintiff filed this action against Defendant Florida Blue and Does 1–38,

---

[1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; Local Rule 6.02.

[2] Alternatively, the Court could set a deadline for Plaintiff to pay the filing fee or face dismissal.

bringing claims for employment discrimination, retaliation, hostile work environment, constructive demotion, constructive discharge, and negligent supervision. (Doc. 7.) Specifically, Plaintiff alleges that he was demoted from his supervisory position at Florida Blue based on his race. (*Id.* at 6.)

In the Second Amended Complaint ("SAC"), Plaintiff, an African American, alleges that during a meeting "in or close to October" 2018, his leader stated, "Blacks don't belong here."[3] (*Id.* at 7.) On December 27, 2018, Plaintiff filed an EEOC Complaint (Doc. 1-1), alleging that Florida Blue discriminated against him based on his race and retaliated against him.[4] (*Id.*) Specifically, Plaintiff stated in the EEOC Complaint that due to the racial discrimination, he suffered, among other things, "reduction of work, cancelled development sessions, micromanagement, going through my personal space, and breaking labor laws." (*Id.* at 2.) Thereafter, on or around October 30, 2019, Plaintiff was demoted from his supervisory position. (Doc. 7 at 6.) Plaintiff's EEOC Complaint was still pending at the time of his demotion. (*See* Doc. 1-1 at 3.)

Plaintiff was mailed a Right to Sue letter on November 19, 2019, and timely filed his Complaint and the Motion in this Court on February 19, 2020, bringing

---

[3] Although Plaintiff does not specify a year, based on the EEOC Complaint (Doc. 1-1), it appears that his leader allegedly made the statement in October 2018. (*Id.* at 2.)

[4] Although the EEOC Complaint is not attached to Plaintiff's operative SAC, it is attached to his original complaint. (Doc. 1-1.)

2

claims for employment discrimination and retaliation. (Doc. 1; Doc. 1-1 at 3.) Thereafter, Plaintiff filed the SAC, which added five additional counts. (Doc. 7.) However, as explained further herein, the undersigned recommends that Plaintiff has failed to exhaust his administrative remedies regarding his demotion claims, and he has neither cured the deficiencies related to his original claims nor adequately alleged sufficient facts to support his new claims.[5]

## II.   Standard

Pursuant to 28 U.S.C. § 1915(a)(1), the Court may allow a plaintiff to proceed without prepayment of fees or costs where the plaintiff has demonstrated through the filing of an affidavit that he is "unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). Even assuming that the Motion sufficiently demonstrates that Plaintiff meets the financial criteria and is therefore entitled to proceed *in forma pauperis*, when such a motion is filed, the Court is also obligated to review the case pursuant to 28 U.S.C. § 1915(e)(2) and to dismiss the case if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The Court must also dismiss *sua sponte* an action if, at any time, it determines that it lacks subject

---

[5] The Court previously took Plaintiff's Complaint (Doc. 1) under advisement and directed Plaintiff to file an amended complaint that cured the deficiencies addressed in the Court's prior Order. (Doc. 5 at 6.) However, in addition to failing to cure the deficiencies related to Plaintiff's original claims, the SAC contains additional defects.

matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

To avoid a dismissal, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not do. *Id.*

Pleadings submitted by a pro se plaintiff "are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam). Courts are under no duty, however, to "re write" a plaintiff's complaint to find a claim. *Peterson v. Atlanta Hous. Auth.*, 998 F.2d 904, 912 (11th Cir. 1993).

**III.   Analysis**

    **A.   Failure to Exhaust Administrative Remedies**

"Prior to filing a Title VII action . . . a plaintiff first must file a charge of discrimination with the EEOC. The purpose of this exhaustion requirement is that the [EEOC] should have the first opportunity to investigate the alleged discriminatory practices to permit it to perform its role in obtaining voluntary compliance and promoting conciliation efforts." *Gregory v. Georgia Dep't of Human Res.*, 355 F.3d 1277, 1279 (11th Cir. 2004) (citations and quotations omitted). "[J]udicial claims are allowed if they amplify, clarify, or more clearly focus

the allegations in the EEOC complaint . . . ." *Id.* at 1279–80.  However, "[a]llegations of new acts of discrimination, offered as the essential basis for the requested judicial review, are not appropriate." *Baskerville v. Sec'y of Dep't of Veteran Affairs*, 377 F. Supp. 3d 1331, 1335 (M.D. Fla. 2019).  "Discrete acts of discrimination, such as termination or failure to promote, that occur after the filing of an EEOC complaint must first be administratively reviewed before they may serve as a basis for a judicial finding of discriminatory conduct." *Smith v. City of Atl. Beach*, Case No. 3:18-cv-1459-J-34MCR, 2020 WL 708145, at *9 (M.D. Fla. Feb. 12, 2020).

In this case, Plaintiff's demotion appears to be the "essential basis" for his claims.  Moreover, the demotion constitutes a new, discrete act of discrimination.  As noted above, Plaintiff filed his EEOC Complaint approximately ten months before he was demoted.  (*See* Doc. 1-1; Doc. 7 at 6.)  Because Plaintiff did not amend or file a new charge after he was demoted, the EEOC has not had an opportunity to investigate the reasons for Plaintiff's demotion.  Accordingly, the undersigned recommends that Plaintiff has failed to exhaust his administrative remedies regarding his demotion claims.  *See Duble v. FedEx Ground Package Sys., Inc.*, 572 F. App'x 889, 893 (11th Cir. 2014) (holding that a plaintiff failed to exhaust his administrative remedies where his "EEOC claim was still pending, when he was terminated . . . and he had the opportunity to amend his EEOC charge or file a new charge relating to his termination. . . . [but] chose not to amend

5

or file a new charge").[6]

### B. Employment Discrimination

Even if Plaintiff's demotion claims could fall within the scope of his EEOC Complaint, the undersigned recommends that the SAC, even liberally construed, fails to sufficiently state a claim for discrimination. To prove a case of race-based employment discrimination, a plaintiff may present either direct evidence of discriminatory intent or circumstantial evidence. *Williamson v. Adventist Health Sys./Sunbelt, Inc.*, 372 F. App'x 936, 939–40 (11th Cir. 2010).

> When a plaintiff uses circumstantial evidence in an attempt to prove discrimination or retaliation under Title VII, [he or she] has the initial burden to establish a prima facie case of discrimination. To establish a prima facie case of discrimination under Title VII, a plaintiff must show that (1) he is a member of a protected class; (2) he was qualified for the position; (3) he suffered an adverse employment action; and (4) he was . . . treated less favorably than a similarly-situated individual outside his protected class. . . .
>
> A plaintiff may, however, establish a prima facie case of discrimination through direct evidence. We have defined direct evidence as evidence which reflects a discriminatory or retaliatory attitude correlating to the discrimination or retaliation complained of by the employee. [T]he evidence must indicate that the complained-of employment decision was motivated by

---

[6] Although unpublished Eleventh Circuit decisions are not binding precedent, they may be persuasive authority on a particular point. *See, e.g., Searcy v. R.J. Reynolds Tobacco Co.*, 902 F.3d 1342, 1355 (11th Cir. 2018) ("Unpublished cases do not constitute binding authority and may be relied on only to the extent they are persuasive."). Rule 32.1 of the Federal Rules of Appellate Procedure expressly allows citation to federal judicial unpublished dispositions that have been issued on or after January 1, 2007. Fed. R. App. P. 32.1(a).

> the decision-maker's [racial animus]. To qualify as direct evidence of discrimination, we require that a biased statement by a decision-maker be made *concurrently with the adverse employment event*, such that no inference is necessary to conclude that the bias necessarily motivated the decision.

*Id.* (citations and quotations omitted) (emphasis added).

Plaintiff appears to be attempting to allege racial discrimination by direct evidence. (*See* Doc. 7.) However, Plaintiff has not alleged facts sufficient for this Court to reasonably conclude that he suffered an adverse employment action because of his race. Although Plaintiff alleges in conclusory terms that he was demoted based on his race, the alleged discriminatory statement was not made concurrently with his demotion, as approximately one year passed between the two events. Moreover, to the extent Plaintiff alleges that he suffered other adverse employment actions, he does not indicate when these actions occurred or otherwise link them to his leader's statement. (*Id.* at 6–8.) As Plaintiff has not linked his leader's statement to any of the alleged adverse conduct, the undersigned recommends that Plaintiff has failed to state a claim for employment discrimination.

### C.     Retaliation

"[T]o successfully allege a prima facie retaliation claim under either Title VII, the ADEA or the ADA, a plaintiff must show that (1) she engaged in statutorily protected expression; (2) she suffered an adverse employment action; and (3) the

adverse action was causally related to the protected expression."[7]  *Weeks v. Harden Mfg. Corp.*, 291 F.3d 1307, 1311 (11th Cir. 2002).  "A plaintiff engages in statutorily protected activity when she opposes an employment practice that she has a good faith, reasonable basis to believe is unlawful."  *Diamond v. Morris, Manning & Martin, LLP*, 457 F. App'x 844, 846 (11th Cir. 2012).

Plaintiff alleges that "[a]s a result of Plaintiff's complaints, Defendants . . . took materially adverse actions against Plaintiff, including, but not limited to, demoting the plaintiff . . . ." (Doc. 7 at 9.)  To the extent Plaintiff attempts to allege that he was demoted in retaliation for filing the EEOC Complaint, Plaintiff has failed to sufficiently allege that his demotion was causally related to the filing of the EEOC Complaint because he was not demoted until approximately ten months after the EEOC Complaint was filed.  (*Id.* at 6–7; Doc. 1-1 at 2.)

Additionally, other than filing the EEOC Complaint, it is not clear whether Plaintiff engaged in statutorily protected expression.  Although Plaintiff states that he made "multiple complaints to his supervisors," he does not say when any of these complaints were made or indicate what exactly he was complaining about. (Doc. 7 at 8–9.)  Accordingly, the undersigned recommends that the SAC, even liberally construed, fails to state a claim for retaliation.

---

[7] These elements also apply to retaliation claims brought under 42 U.S.C. § 1981. *See Williams v. Waste Mgmt., Inc.*, 411 F. App'x 226, 229 (11th Cir. 2011).

### D. Hostile Work Environment

"[W]hen the workplace is permeated with [racially] discriminatory intimidation, ridicule, and insult[ ] that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment, Title VII is violated."[8]  *Jones v. UPS Ground Freight*, 683 F.3d 1283, 1292 (11th Cir. 2012).

> An employer is therefore liable to an employee for a racially hostile work environment under [Title VII] if the employee proves that: (1) he belongs to a protected group; (2) he was subjected to unwelcome harassment; (3) the harassment was based on his membership in the protected group; (4) it was severe or pervasive enough to alter the terms and conditions of employment and create a hostile or abusive working environment; and (5) the employer is responsible for that environment under a theory of either vicarious or direct liability.

*Id.*

In this case, even with a liberal construction, Plaintiff's factual allegations are not sufficient to plead a claim for hostile work environment. (*See* Doc. 7 at 9.) Although Plaintiff alleges that his leader stated that "Blacks don't belong here," he does not allege that any other racially discriminatory statements were made. (*Id.* at 7.) Thus, Plaintiff has not alleged the required severity or pervasiveness

---

[8] "[D]iscrimination claims, including hostile work environment claims, brought under the Equal Protection Clause, 42 U.S.C. § 1981, or Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–2, are subject to the same standards of proof and employ the same analytical framework." *Bryant v. Jones*, 575 F.3d 1281, 1296 (11th Cir. 2009).

required to state a claim.[9]

### E. Pauper Status

Moreover, it is not clear whether Plaintiff qualifies for pauper status. While a litigant need not show that he is "absolutely destitute" to qualify for pauper status under section 1915, a litigant does need to show an inability "to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1307 (11th Cir. 2004).

Based on the information provided in the Motion, it appears that Plaintiff may be able to pay for necessities for himself and also pay the filing fee and costs associated with this action "without undue hardship." *Foster v. Cuyahoga Dep't of Health & Human Servs.*, 21 F. App'x 239, 240 (6th Cir. 2001); *see also Schmitt v. U.S. Office of Pers. Mgmt.*, Case No. 8:09-cv-943-T-27EAJ, 2009 WL 3417866, at *2 (M.D. Fla. Oct. 19, 2009). In the Motion, Plaintiff states that his take-home wages are $800.00 per pay period, but he does not specify what his pay period is (i.e., weekly, bi-weekly, or monthly). (Doc. 2 at 1.) As such, the Court could consider setting a deadline for Plaintiff to pay the filing fee or face dismissal.[10]

---

[9] The remainder of Plaintiff's claims, i.e., for constructive demotion, constructive discharge, and negligent supervision, fail for the same reasons stated above regarding his other claims.

[10] Plaintiff may also voluntarily pay the filing fee while this case is pending.

### IV. Conclusion

The undersigned recommends that Plaintiff has failed to exhaust his administrative remedies, and that, even liberally construed, the SAC fails to state a claim on which relief may be granted.

Accordingly, it is respectfully **RECOMMENDED** that:

1. The Motion (**Doc. 2**) be **DENIED**.

2. The case be **DISMISSED without prejudice**.

3. The Clerk of Court be directed to terminate any pending motions and close the file.

**DONE AND ENTERED** at Jacksonville, Florida, on June 17, 2020.

_____
JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

The Honorable Harvey E. Schlesinger
Senior United States District Judge

Pro Se Plaintiff