UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ROGER A. DALEY,

    Plaintiff,

v.                                           Case No. 3:20-cv-156-J-20JBT

FLORIDA BLUE,

    Defendant.
_____/

## ORDER

**THIS CAUSE** is before the Court on the Report and Recommendation of the Honorable Joel B. Toomey, United States Magistrate Judge that this case be dismissed without prejudice. (Dkt. 8). *Pro se* Plaintiff Roger A. Daley has filed Written Objections to the Report and Recommendations. (Dkt. 9). The matter is ripe for review.

Plaintiff is an African American man employed by Florida Blue who initially alleged he suffered discrimination and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq*. (Dkt. 1). He also filed a Motion to Proceed *In Forma Pauperis*. After review, Judge Toomey directed Plaintiff to amend his Complaint, explaining:

> Plaintiff's allegations suggest, but do not plausibly allege, that he may have one or more valid claims. Specifically, his allegations suggest claims for employment discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq. ("Title VII") and retaliation. In the section of the Complaint that requires Plaintiff to state the facts of his case, Plaintiff stated only "Please see attachment," referring to the Charge of Discrimination attached to the Complaint. However, the factual explanation included in the Charge of Discrimination, which states that it is an "abridged version of the more server [sic] actions," does not sufficiently plead facts that address the required elements of each claim or raise his right to relief above the speculative level.
>
> …

> In this case, it appears that Plaintiff is attempting to allege racial discrimination by direct evidence. However, Plaintiff has not alleged facts sufficient for this Court to reasonably conclude that he suffered an adverse employment action because of his race. Plaintiff alleges that his direct leader made false statements about him and stated, "blacks didn't fit in here." He further alleges that he suffered "reduction of work, cancelled development sessions, micromanagement, going through my personal space, and breaking labor laws," but does not allege when these actions occurred. Although some of these actions may be sufficient to qualify as adverse employment actions, he does not link the actions to his supervisor's statements.
>
> ...
>
> In this case, it is not clear whether Plaintiff engaged in statutorily protected expression. Given Plaintiff's Title VII claim, in this case "the unlawful employment practice must be racial discrimination." *Johnson v. Family Practice & Injury Ctr., Inc.*, Case No. 8:18-cv-907-T-36AEP, 2020 WL 534487, at *8 (M.D. Fla. Feb. 3, 2020). Here, although Plaintiff alleges that he submitted a complaint to his employer regarding false statements made by his direct leader, he does not allege that he complained about his leader's racially discriminatory conduct. Moreover, even if he did complain about racial discrimination, he does not allege sufficient facts for the Court to determine whether any adverse actions were causally related to the protected expression.

(Dkt. 5) (internal citations omitted). Judge Toomey provided Plaintiff an opportunity to cure the deficiencies described. He also advised Plaintiff that if he failed to file a proper amended complaint, he would likely recommend his Motion be denied and the case dismissed. *Id.*

Plaintiff subsequently filed an Amended Complaint, which included additional factual detail and added a claim for hostile work environment. (Dkt. 6). Plaintiff then amended his complaint for a second time. (Dkt. 7).

In the operative, Second Amended Complaint (*Id.*), Plaintiff again expanded his claims, now alleging a hostile work environment, constructive discharge, and discrimination in violation

of 42 U.S.C. § 1981, retaliation and constructive demotion in violation of Title VII, and negligent supervision. (Dkt. 7).

On June 17, 2020, Judge Toomey recommended that Plaintiff's Motion to Proceed *In Forma Pauperis* (Dkt. 2) be denied and the case be dismissed without prejudice. He explained Plaintiff had failed to exhaust his administrative remedies regarding his demotion claims and the Second Amended Complaint had not cured the deficiencies identified in the previous complaint or provide sufficient facts to support the new causes of action. (Dkt. 8).

## Background

Plaintiff worked as a service supervisor for Florida Blue from approximately November 12, 2015 until October 30, 2019. (Dkt. 7). His responsibilities as supervisor included overseeing the work of employees in the call center. (*Id.*). Plaintiff alleges that in or about October of 2018[1] a supervisor told him that "Blacks don't belong here." (Dkt. 7, page 7). Plaintiff asserts that both his leader, director and the successive director played a role in harassing him. On December 27, 2018, he filed a charge with the Equal Employment Opportunity Commission ("EEOC"). His EEOC Charge alleged racial discrimination and retaliation. Specifically, in the Charge he recounted:

> I have been subjected [to] harassment due to my race on several occasions. . . . I submitted a complaint to my employer in March of 2018 after my direct leader (Jodie) made false statements. I researched and was vindicated on the accusations. Then my leader [and] director attempted to smear me again with different claims. I researched and had to make corrections to those as well. Then they made another allegation and I met with HR. I explained and it was rectified. After submitting the complaint I did meet with both leaders and the director agreed that Jodie was over doing it. . . In less than two months each leader blamed the other for the harassment I went through. At that point I already wrote HR and told them I wish I didn't say anything because the treatment had already changed. I don't expect that it could get any worse. That was until

---

[1] Plaintiff does not provide the year in which the comment was made. A review of the EEOC Charge (Dkt. 1-1) implies that his leader made the statement in October 2018.

> later in the year where Jodie slipped and said, "blacks didn't fit here," she quickly caught herself and said, "I didn't fit." It was at that point I realized nothing had changed and after a few days I reported retaliation to the EEOC. There are multiple leaders of different races that have stated to me that Jodie has an unfair racial bias towards me.

(Dkt. 1-1) (errors in original).[2] Plaintiff further alleged in his EEOC Charge that his work was reduced, development sessions were cancelled, he was micromanaged, his personal space was invaded, he received poorly written evaluations and labor laws were broken. (*Id.*). In October 2019, while his EEOC Charge was pending, Plaintiff was demoted from his supervisory position to the position of "service advocate."

Turning to his Second Amended Complaint, Plaintiff alleges that during a private meeting in January 2019, the director brought up, on her own, that she "can't be racist because she has a colored grandchild." (Dkt. 7, ¶ 28). Plaintiff then describes a detrimental series of acts by his superiors "as the year continued," including being penalized for allowing a pregnant mother to pump breast milk in the location of her choosing, pressuring him to return to work when he was on FMLA leave against medical advice, and requesting he segregate older employees from younger employees. He also recounts he faced heightened scrutiny, falsified timecards, incorrect reviews, and ultimately, demotion. (Dkt. 7). On November 19, 2019, the EEOC mailed Plaintiff a Right to Sue Letter, and he timely filed suit on February 19, 2020. (Dkts. 1, 1-1, 7).

## Standard of Review

Where a party timely files written objections to a Report and Recommendation by a magistrate, the district court "shall make a *de novo* determination of those portions of the report or

---

[2] Plaintiff did not attach the EEOC Charge of Discrimination to the operative pleading. Nevertheless, the Court considered it here because it was attached to his original complaint. (Dkt. 1) and his Objections (Dkt. 9-1).

4

specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b). The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* Additional evidence need not be received in furtherance of the Court's analysis. *Id.*; Fed. R. Civ. P. 72.

## Analysis

The Court has conducted an independent, *de novo* review of Plaintiff's Objections (Dkt. 9), the Report and Recommendation, the EEOC Charge, and the Second Amended Complaint. The Court will overrule Plaintiff's Objections, adopt Judge Toomey's Recommendation, deny the Motion to Proceed *In Forma Pauperis* and dismiss the Second Amended Complaint. Judge Toomey's explanations are robust and well-reasoned. The Court adopts the same but makes the following points for emphasis and clarity.

a.

A complaint must contain a short and plain statement that puts the defendant on notice of what the plaintiff is claiming and the grounds for the complaint. Fed. R. Civ. P. 8(a); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). While a complaint does not need detailed factual allegations, it must contain more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Rather, it "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is facially plausible when the factual matter contained therein allows a court to reasonably infer the defendant is liable for the alleged conduct. *Id.*

The pleadings of *pro se* litigants are "liberally construed" and held to a less exacting standard as those complaints drafted by attorneys. *Tannenbaum v. United States*, 148 F.3d 1262,

1263 (11th Cir. 1998). "However, a *pro se* litigant must still meet minimal pleading standards." *Pugh v. Farmers Home Admin.*, 846 F. Supp. 60, 61 (M.D. Fla. 1994) (citation omitted). And, the courts are not tasked with drafting or rewriting a complaint to locate a claim. *Peterson v. Atlanta Hous. Auth.*, 998 F. 2d 904, 912 (11th Cir. 1993).

b.

As Judge Toomey outlined, "[p]rior to filing a Title VII action . . . a plaintiff first must file a charge of discrimination with the EEOC." *Gregory v. Ga. Dep't of Hum. Res.*, 355 F.3d 1277, 1279 (11th Cir. 2004) (citation omitted). "Discrete acts of discrimination, such as termination or failure to promote, that occur after the filing of an EEOC complaint must first be administratively reviewed before they may serve as a basis for a judicial finding of discriminatory conduct." *Smith v. City of Atl. Beach*, No. 3:18-cv-1459-J-34MCR, 2020 WL 708145, at *9 (M.D. Fla. Feb. 12, 2020) (citations and emphasis omitted).

Count II (retaliation); Count III (constructive demotion); Count IV (disparate treatment based on race); Count V (retaliation); Count VI (constructive discharge) are based in whole or in part on the demotion of Plaintiff. Plaintiff's Objections claim he exhausted any administrative remedies related to this action as a whole when the EEOC issued a right to sue letter on November 19, 2019.

The Second Amended Complaint and the EEOC Charge do not support his argument. On December 27, 2018, Plaintiff filed his EEOC Complaint. He was not demoted until October 2019. The EEOC Complaint itself does not allege a demotion or like activity, nor could it have included the October 2019 demotion given it took place approximately ten months after the EEOC Charge was filed by Plaintiff.

There is no evidence in the Second Amended Complaint, Objections and/or Record that Plaintiff amended his EEOC Charge or made a subsequent charge to include his demotion as a discrete act. The Eleventh Circuit has "noted that judicial claims are allowed if they 'amplify, clarify, or more clearly focus' the allegations in the EEOC complaint, but [have] cautioned that allegations of new acts of discrimination are inappropriate. *Gregory*, 355 F.3d at 1279-80 (quoting *Wu v. Thomas*, 863 F.2d 1543, 1547 (11th Cir. 1989)). Therefore, Count II, Count III, Count IV, Count V, Count VI have not been properly exhausted and therefore, are due to be dismissed. *City of Atl. Beach*, 2020 WL 708145, at *11-12.

Besides, even if Plaintiff's claims had been administratively exhausted—he fails to state a plausible claim for discrimination, retaliation, and hostile work environment because his allegations are conclusory.

c.

In his Second Amended Complaint, Plaintiff appears to allege racial discrimination by direct evidence. In his Objections, however, Plaintiff shifts to a theory of discrimination based on circumstantial evidence and argues that he has satisfied the familiar *McDonell Douglas*[3] burden-shifting framework.

"Title VII provides that it is unlawful for an employer to discriminate against an employee because of the employee's race." *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1246 (11th Cir. 2015) (citations omitted). A complaint alleging race discrimination under Title VII "need only 'provide enough factual matter (taken as true) to suggest intentional race discrimination.'" *Id.* (quoting *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 974 (11th Cir. 2008) (additional citations omitted). The familiar burden-shifting framework of *McDonnell Douglas* is an

---

[3] *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

"evidentiary standard, not a pleading requirement." *Id.* (citation omitted). Thus, to meet the plausibility standard outlined in *Iqbal* and *Twombly*, a plaintiff "need not allege facts sufficient to make out a classic *McDonnell Douglas* prima face case." *Id.* (citation and quotations omitted).

To prevail on a claim for disparate treatment, Plaintiff must plead enough facts to suggest that Florida Blue intentionally subjected him to discrimination based on race. *Armstrong v. Flowers Hosp., Inc.*, 33 F.3d 1308, 1313 (1994).[4] Taking his allegations as true, Plaintiff has alleged adverse employment actions, including demotion, but he has not sufficiently tied these actions to Florida Blue's alleged discriminatory statements or other discriminatory actions. Without additional factual allegations and/or some sort of time frame outlining the dates of the adverse actions in relation the disturbing comments, the Court cannot conclude that Plaintiff has "provid[ed] enough factual matter (taken as true) to suggest intentional race discrimination." *Surtain*, 789 F.3d at 1246 (additional quotation and citations omitted).

d.

To state a claim for retaliation, Plaintiff "would be required to show, at a minimum, that he engaged in a protected activity, he suffered a materially adverse action, and a causal connection existed between the activity and the adverse action." *Gilliam v. United States Dep't of Veterans Affs.*, 822 F. App'x. 985, 989 (11th Cir. 2020) (citing *Dixon v. The Hallmark Cos.*, 627 F.3d 849, 856 (11th Cir. 2010). Taking the adverse employment action to be his demotion and his protected activities to be both reporting leadership to human resources and filing a Charge with the EEOC—

---

[4] The standards applicable for establishing discrimination under Title VII apply to employment discrimination suits under § 1981. *Sledge v. Goodyear Dunlop Tires N. Am., Ltd.*, 275 F.3d 1014, 1015 n. 1 (11th Cir. 2001). Likewise, retaliation claims brought under Title VII and § 1981 are analyzed under an identical framework. *Williams v. Waste Mgmt, Inc.*, 411 F. App'x 226, 229 (11th Cir. 2011).

Plaintiff has failed to "allege[] facts plausibly suggesting a causal relation between the [events]." *Id.* at 990.

To be sure, Plaintiff need only prove that retaliatory motive was one factor in Florida Blue's employment decision and the "element of causation in a retaliation case" is construed "broadly so that a plaintiff merely has to prove that the protected activity and the negative employment action are not completely unrelated. *Id.* (citation omitted). But, it is not evident at what point(s) Plaintiff went to human resources about the alleged discrimination he was facing. Additionally, more than ten months passed between Plaintiff's filing of the EEOC Charge and his demotion. In such a case, the time between the "statutorily protected expression and the adverse employment action is too long to permit an inference of causation based on temporal proximity alone." *Id.* at 985 (holding three months between the discovery of the protected expression and adverse employment action was not enough standing alone to infer causation).

e.

Finally, to establish a hostile work environment claim, a Plaintiff "must allege, and ultimately prove, discriminatory behavior sufficiently severe or pervasive to alter the conditions of his employment." *Short v. Immokalee Water & Sewer Dist.*, 165 F. Supp. 3d 1129, 1141 (M.D. Fla. 2016) (citation and quotation omitted).

Plaintiff has alleged two racially discriminatory statements made months apart[5]—which, while troubling, cannot establish conduct "severe or pervasive enough" to change the terms and conditions of his employment." *Id.* Moreover, though he alleges problematic incidents (for

---

[5] Plaintiff also mentions in his EEOC Complaint that a leader of his commented that "her husband cried when one of 'them' got into the White House." (Dkt. 9-1, page 2). It is not clear when the comment was made, and further context is not provided.

example, falsifying time-cards, and micromanagement (Dkt. 7, page 7-8)), he does not sufficiently allege these events, were connected to his race.[6]

Accordingly, it is hereby **ORDERED**:

1. Plaintiff's Objections to the Report and Recommendation (Dkt. 9) are **OVERRULED**;

2. The Report and Recommendation of Magistrate Judge Toomey (Dkt. 8) is **ADOPTED** and **APPROVED** in all respects. It is made a part of this Order for all purposes;

3. Plaintiff's Second Amended Complaint (Dkt. 7) is **DISMISSED** without prejudice.

4. Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* (Dkt. 2) is **DENIED** without prejudice;[7]

5. If Plaintiff seeks to file a Third Amended Complaint, he must do so within **21 days of the entry date of this Order**;

6. Plaintiff is warned that failure to comply with this Order will result in the dismissal of this matter with prejudice.

**DONE and ORDERED** at Jacksonville, Florida, this ___ day of December, 2020.

HARVEY E. SCHLESINGER
UNITED STATES DISTRICT JUDGE

**Copies to**:
Roger A. Daley, *pro se* plaintiff
425 Segovia Road
St. Augustine, Florida 32086

---

[6] Plaintiff's claims for negligent discharge and supervision and constructive demotion and discharge fail for the same reasons as those claims analyzed herein.

[7] The Court need not reach the question of Plaintiff's pauper status because the Second Amended Complaint fails to state a claim for which relief can be granted.